Date signed June 12, 2007



**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**at GREENBELT**

| | | | |
|---|---|---|---|
| **In Re:** | * | | |
| **Angela F. Swann** | * | **Case No.** | **05-14086-TJC** |
| | * | **Chapter** | **7** |
| **Debtor** | * | | |
| ***************************************** | * | | |
| **Wayne L. Sikes** | * | | |
| | * | | |
| | * | | |
| **Plaintiff** | * | **Adv. No.** | **05-01434** |
| vs. | * | | |
| **Angela F. Swann** | * | | |
| | * | | |
| | * | | |
| **Defendant** | * | | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Opposed Motion for Extension of Time to File

Notice of Appeal (the "Motion") filed by Wayne L. Sikes Jr. (the "Plaintiff"). Docket

No. 74. The Plaintiff also filed Memorandum of Points and Authorities in Support of

Plaintiff's Opposed Motion for Extension of Time to File Notice of Appeal as well as an affidavit (the "Affidavit") in support of the Motion.  Docket No. 76.  Angela F. Swann (the "Defendant") filed Defendant's Opposition to Plaintiff's Motion for Extension of Time to File Notice of Appeal (the "Opposition").  Docket No. 78.

In the Motion, the Plaintiff seeks an extension of time to file a notice of appeal pursuant to Fed. R. Bankr. P. 8002(c)(2).  The Plaintiff contends that his failure to appeal timely the order dismissing the complaint was due to excusable neglect.  The Defendant disagrees.  The Court heard argument on the Motion on June 11, 2007.  For the reasons set forth hereafter, the Court finds and concludes that the Plaintiff's failure to file timely a notice of appeal was not due to excusable neglect.  Accordingly, the Court will deny the Motion.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a), and Local Rule 402 of the United States District Court for the District of Maryland.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).  The following constitutes the Court's findings of fact and conclusions of law.

## I.    FINDINGS OF FACT

### A.    PROCEDURAL BACKGROUND

On May 27, 2005, the Plaintiff filed a complaint seeking to except from discharge, pursuant to 11 U.S.C. § 523(a)(6), a pre-petition judgment for malicious prosecution he obtained against the Defendant.  Plaintiff obtained the judgment by default in the Circuit Court for Montgomery County, Maryland.  As pertinent to the nondischargeability claim, the default judgment was entered in the amount of $146,952.

Plaintiff and Defendant previously lived together and have a child. They have been involved in a long series of domestic disputes. The essence of Plaintiff's claims in the circuit court, and the basis for his nondischargeability claim in this Court, is that Defendant acted maliciously and with the intent to injure the Plaintiff when she swore out two Applications for Statement of Charges against the Plaintiff in Montgomery County, Maryland.

The Court conducted a trial on the complaint on February 16, 2007 and issued an oral bench ruling on February 26, 2007, finding for the Defendant and ruling that the debt was dischargeable. In that ruling the Court found and concluded, among other things, that:

(1) Plaintiff has a history of verbally abusing Defendant.
(2) Plaintiff had a history of physically abusing Defendant.
(3) Plaintiff had a violent temper.
(4) Plaintiff drank heavily and used drugs.
(5) Plaintiff had pleaded guilty to second degree assault for actions against the Defendant.
(6) The Montgomery County Circuit Court had issued a protective order against the Plaintiff in favor of Defendant based on Plaintiff's actions.

Based on these findings, the Court found and concluded that the Defendant acted out of fear for the safety of herself and her child when she swore out Applications for Statement of Charges against the Plaintiff in Montgomery County. Accordingly, the Court concluded that the Plaintiff did not prove that the default judgment was the result of a willful and malicious injury to the Plaintiff by the Defendant.

On March 1, 2007, the Court entered the order dismissing the complaint. Both the main bankruptcy case (Case No. 05-14068) and this adversary proceeding were administratively closed on March 16, 2007. On March 22, 2007, the Plaintiff attempted

to file the instant Motion with the Clerk of the Court. If filed on that date, the Motion would have been filed outside of the initial 10 day period for filing a notice of appeal under Fed. R. Bank. P. 8002(a) but within the subsequent 20 day period under Fed. R. Bank. P.8002(c)(2). See also infra at p. 5. Because the bankruptcy case and the adversary proceeding were closed, the Clerk rejected the filing.

The Plaintiff then immediately filed a motion to reopen the main bankruptcy case of the Defendant seeking to reopen this adversary proceeding in order to file the instant Motion. Docket No. 16, in Case No. 05-14068. The Court held a hearing on the motion to reopen on May 2, 2007. The Court granted the motion to reopen and allowed the Plaintiff to file the Motion. At the May 2, 2007 hearing, the Court, with the consent of the Defendant, concluded that the Motion was deemed filed on March 22, 2007, the date the Plaintiff first attempted to file it but was rejected by the Clerk. Accordingly, the Court addresses the Motion herein as if it had been accepted for filing on March 22, 2007.

### B.    FACTS ALLEGED IN THE MOTION

In the Motion, the Plaintiff contends that he intended to timely appeal the dismissal of the complaint but failed to do so due to excusable neglect. In support of this contention, the Plaintiff filed an affidavit stating in pertinent part:

> 2. After the Court dismissed my complaint with prejudice in the instant case on February 26, 2007, I consulted several attorneys about whether I should appeal considering my ongoing custody litigation with the Defendant over our daughter, Michele. I also was seeking an attorney whom I could afford as I initially received a price quote that was prohibitive. This process took approximately two weeks before I decided that it was in the best interest of both myself and my daughter to appeal and was able to agree with Mark G. Chalpin, Esq., [i.e., trial counsel in this

4

> adversary proceeding] on representation at a price I could afford.
>
> 3. While I was deliberating on the whether to appeal and finding representation at an affordable price, I was under the assumption from my past few years experience of litigating against the Defendant that I had 30 days from the final judgment to file a notice of appeal. It was my understanding, and I am not an attorney, that 30 days is a standard time to file a notice of appeal. While I was deliberating, I did not inquire of the attorneys I consulted as to the time for filing a notice of appeal. Because of these circumstances, I did not file a notice of appeal by March 11, 2007 and did not retain Mr. Chalpin until March 13, 2007.

The Defendant does not challenge the factual assertions in the affidavit, but contends that the assertions do not provide a basis for a finding of excusable neglect.

## II.     CONCLUSIONS OF LAW

Generally, the notice of appeal in bankruptcy "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). However, the time to file the notice of appeal may be extended in certain circumstances. See Fed. R. Bankr. P. 8002(c). Rule 8002(c) provides in pertinent part:

> (c) Extension of Time for Appeal
>     (1) The bankruptcy judge may extend the time for filing the notice of appeal by any party…
>
>     (2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

Id.

In the instant case the Plaintiff filed the Motion on March 22, 2007,[1] twenty-one days after the entry of the order which Plaintiff seeks to appeal, and eleven days after the time to appeal under Rule 8002(a) had expired. Consequently, pursuant to Rule 8002(c)(2), the Plaintiff must show excusable neglect in order to obtain an extension.

"'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996). In Pioneer Inv. Servs. Co. v. Brunswick Associates, Ltd., 507 U.S. 380 (1993) the Supreme Court adopted a two prong test for determining whether time should be extended based on excusable neglect. Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.), 45 F.3d 70, 72 (4th Cir. 1995) (interpreting Pioneer to have applied a two step process in determining excusable neglect). First, the delay in filing must be due to neglect. Id. Second, the neglect must be excusable. Id. While Pioneer involved the issue of whether a late filed proof of claim in a Chapter 11 case should be permitted based upon "excusable neglect" as used in Bankruptcy Rule 9006, courts considering the issue have concluded that the definition of excusable neglect in Pioneer is equally applicable in cases involving the issue of whether late-filed notices of appeal should be permitted based upon excusable neglect. See, e.g., Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, (2d Cir. 2003), cert. denied sub nom. Essef Corp. v. Silivanch, 540 U.S. 1105 (2004); Thompson, 76 F.3d at 533 (4th Cir. 1996) (applying the definition of excusable neglect articulated by Pioneer in determining whether to enlarge the time to file a notice

---

[1] See supra at p. 4.

of appeal under Fed. R. App. P. 4(a)(5)); Christopher v. Diamond Benefits Life Ins. Co., 35 F.3d 232, 236 (5th Cir. 1994).

"The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter… to leave undone or unattended to esp[ecially] through carelessness." Pioneer, 507 U.S. at 388 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983))  Thus, "courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id.

Determining what sorts of neglect will be considered excusable, "is at bottom an equitable" determination. Id. at 395. A court must consider all relevant circumstances including (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and; (4) whether the movant acted in good faith. Id. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect…" Id. at 392; Thompson, 76 F.3d at 533 (interpreting Pioneer and stating "Though adopting a flexible understanding of the phrase excusable neglect the Court specifically observed… that inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect" (internal quotation marks omitted)).  Courts have focused on the third Pioneer factor, namely, whether the delay was within the reasonable control of the party seeking the extension. Silivanch, 333 F.3d at 366 ("…we and other circuits have focused on the third factor: 'the reasons for the delay including whether it was within the reasonable control of the movant.'").  "[T]he equities will rarely if ever favor a party who 'fails to follow the

clear dictates of a court rule' … 'where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test.'" Id. at 366-67 (internal citations omitted).

In the case at bar the Court finds and concludes that the Plaintiff's failure to timely file the notice of appeal was due to neglect. In the affidavit, the Plaintiff stated that, based on his prior litigation experience, he was operating under the mistaken belief that the time to appeal is 30 days rather than 10 days. He neglected to confirm whether his erroneous understanding of the time to appeal was accurate by consulting his counsel who represented him at the trial or otherwise researching the applicable bankruptcy rule. He states he consulted several attorneys about representing him in his appeal but apparently failed to ask any of them what the deadline was for filing a notice of appeal, again because of his mistaken belief that he had a thirty day period. Consequently, the Plaintiff's failure to file a timely notice of appeal was due to his carelessness or inadvertence, namely, for not making a conscious effort to assure he did not miss the deadline to timely appeal, and thus constitutes neglect.

While the Plaintiff's failure to timely file a notice of appeal was due to neglect, the Court finds and concludes that the neglect is not excusable. As the Supreme Court stated in Pioneer, "the determination of what sorts of neglect are excusable… is at bottom an equitable determination…" that takes into account all of the pertinent circumstances including the four factors enumerated above. 507 U.S. at 395.

First, the Court finds and concludes that the reason for the delay was within the reasonable control of the Plaintiff. The Plaintiff stated that:

> While I was deliberating on the whether to appeal and
> finding representation at an affordable price, I was under

8

> the assumption from my past few years experience of litigating against the Defendant that I had 30 days from the final judgment to file a notice of appeal. It was my understanding, and I am not an attorney, that 30 days is a standard time to file a notice of appeal. While I was deliberating, I did not inquire of the attorneys I consulted as to the time for filing a notice of appeal.

Affidavit at ¶ 3. By his own admission, the Plaintiff consulted multiple attorneys in the process of deciding whether to appeal the order dismissing the complaint and apparently voluntarily chose not to inquire about the time limit to file an appeal in bankruptcy. Instead, the Plaintiff chose to rely on an assumption that the standard time to appeal is 30 days based on his prior litigation experience with the Defendant. As noted above, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect…" Pioneer, 380 U.S. at 392 (emphasis added). The Plaintiff had multiple opportunities to avail himself of the deadline to appeal. He did not do so. First, the Plaintiff could have inquired of his trial counsel (who continues to represent him on the Motion) to clarify the deadline to file an appeal when the order dismissing the complaint was entered. Similarly, the Plaintiff could have asked any of the multiple attorneys he approached regarding the handling of the appeal to verify the deadline to file the appeal. Moreover, the Plaintiff could have independently consulted Rule 8002(a) which is clear on its face in setting out the ten day time period to appeal. Instead, the Plaintiff's own record establishes that he relied on his erroneous assumption that he had formulated due to, ironically, the many years of litigation with the Defendant. As noted above, "…where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Silivanch, 333 F.3d at 366-67 (emphasis added).

9

The Thompson case is instructive. There, the Fourth Circuit Court of Appeals applied the standards for determining excusable neglect articulated by Pioneer in determining whether to enlarge the time to file a notice of appeal under Fed. R. App. P. 4(a)(5) and concluded that the movant had not shown excusable neglect. In that case, the movant mailed to the court the notice of appeal, which did not arrive at the courthouse before the appeal deadline passed. In concluding that the movant failed to establish excusable neglect, the court stated that the "litigant who decides to rely on the vagaries of the mail must suffer the consequences" if the notice of appeal is not delivered timely. Id. at 534. Likewise, in this case, the litigant who decides to rely on his layman's understanding of the appeal period, rather than verify that period with the attorneys with whom he consults, suffers the consequences when it turns out he is wrong. Therefore, the Court finds and concludes that the delay was within the reasonable control of the Plaintiff to avoid.

Second, the Court finds and concludes that extending the time to allow the Plaintiff to file a notice of appeal would severely prejudice the Defendant. By prevailing at trial, the Defendant obtained a discharge of a debt owed to the Plaintiff in an amount of $146,952 which became final after the time to appeal lapsed under Rule 8002(a). Now, after further reflection, the Plaintiff seeks to revive the action in order to pursue an untimely appeal. Although in any case the nonmoving party would be prejudiced by granting the extension – obviously extending the moving party's appeal rights is disadvantageous to the nonmoving party – the Court finds particular prejudice to the Defendant in this case. The Court did not find the merits of the trial to be especially difficult to resolve. As noted above, this Court found that the Plaintiff has a history of

10

abusing the Defendant, both verbally and physically, which led the Defendant to seek protection from the appropriate authorities in Montgomery County, Maryland.  Although the Plaintiff obtained a default judgment against the Defendant, the Defendant's conduct that gave rise to the claim that resulted in the default judgment was not the type of willful and malicious conduct that leads to the harsh result of a debt being determined to be non-dischargeable.  The Court, in exercising its discretion, finds that the equities in this case militate strongly against allowing the Plaintiff to continue this action against the Defendant and thereby prolonging the conflict between the parties.  Further, based on the record before this Court, the Court would be hard-pressed to consider a more troubling result than to give the Plaintiff a non-dischargeable judgment to hold over the Defendant for years to come.

Finally, a further factor to consider is whether the movant acts with good faith.  In this case, the Plaintiff asserts two reasons for wanting to appeal the nondischargeability ruling.  The primary reason is that the Circuit Court default judgment that Plaintiff obtained against Defendant is "relevant to custody issues that [Plaintiff] has with [Defendant] over their daughter."[2]  The Court has no doubt that the Plaintiff's desire to prevail in any custody dispute with Defendant is sincere.   The Court, however, finds unsettling the prospect that Plaintiff's motivation for seeking a nondischargeability determination of a default judgment is to use the determination in a custody dispute.  Moreover, the Court notes that the Plaintiff's underlying behavior toward the Defendant, as described in the Findings of Fact, supra at p. 3, could hardly be considered indicia of "good faith."

---

[2] Plaintiff's Reply in Support of Motion for Extension of Time to File Notice of Appeal (Docket No. 80) at p. 4.

11

As stated above, the determination of whether the Plaintiff's neglect is excusable is "at bottom an equitable" one.  Pioneer, 507 U.S. at 395.  Under the circumstances of this case, the Court finds no justifiable reason to breathe life into this case after the time to appeal had lapsed.

### III. CONCLUSION

For the forgoing reasons, the Motion will be DENIED. An appropriate order will be entered.

Copies to:

Plaintiff
Plaintiff's Counsel
Defendant
Defendant's Counsel
Office of the U.S. Trustee

### END OF ORDER